1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SAIID MOHAMED,<br><br>          Plaintiff,<br><br>     vs.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. and WELLS<br>FARGO BANK, N.A.,<br><br>          Defendant. | Case No. 8:17-cv-01058-AG-JDE<br><br>ORDER GRANTING MOTION OF<br>DEFENDANT WELLS FARGO<br>BANK N.A. AGAINST PLAINTIFF<br>TO COMPEL RESPONSES TO<br>DISCOVERY AND REQUEST FOR<br>SANCTIONS |

On July 16, 2018, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a Motion to Compel Responses to Discovery and Appearance at Deposition and Request for Sanctions (Dkt. 43-1, "Motion") along with a Joint Stipulation in support of the Motion (Dkt. 43-2, "Joint Stipulation" or "Jt. Stip."), electronically signed on behalf of counsel for Wells Fargo and Plaintiff Saiid Mohamed ("Plaintiff").

In the Motion and the Joint Stipulation, Wells Fargo seeks an order compelling Plaintiff to: (1) respond and produce responsive documents, without objections, to Interrogatories, Set One and Requests for Production of

Documents, Set One, (collectively, "Written Discovery Requests") each propounded by Wells Fargo upon Plaintiff and as to which the time to respond has passed without responses having been served;  (2) appear at a deposition after Plaintiff failed to appear at his previously noticed deposition; and (3) pay sanctions in the amount of $3,864.65 representing a portion of the fees incurred by Wells Fargo in bringing the Motion and court reporter fees incurred as a result of Plaintiff's failure to appear at his deposition.

In the Joint Stipulation, Plaintiff does not contest the evidence submitted by Wells Fargo that: (a) responses to the Written Discovery requests were not timely served; (b) Plaintiff failed to appear at his duly-noticed deposition; and (c) Plaintiff reasonably incurred $3,864.65 in bringing this Motion and as a result of Plaintiff's failure to appear at his deposition. Plaintiff's counsel represents that counsel has not heard from Plaintiff since approximately April 25, 2018 and as a result is seeking to withdraw as counsel of record for Plaintiff, with a Motion to Withdraw set for hearing on August 13, 2018.

Trial is scheduled to commence on October 23, 2018. The Final Pretrial Conference is scheduled for October 1, 2018. In light of those dates, the parties' dispositive motion and pretrial filing deadlines are rapidly approaching.

Because of the time urgency, and because Plaintiff, through counsel, does not dispute the factual underpinnings of the Motion, the Court finds that the Motion may properly be decided without any further supplemental memoranda under Local Rule 37-2.3 and further finds that the Motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); Local Rule 7-15. As a result, the Court finds and orders as follows:

1.  The Court finds that Plaintiff failed to provide timely responses to the Written Discovery Requests. Therefore, the Motion is GRANTED with respect to the Written Discovery Requests and Plaintiff is hereby ORDERED to provide verified responses to the Written Discovery

Requests, without objections, except for objections based upon a valid assertion of privilege, and produce all responsive documents by not later than 5:00 p.m. on Friday, August 3, 2018.

2. The Court finds that Plaintiff failed to appear a duly noticed deposition without justification. Therefore, the Motion is GRANTED with respect to Wells Fargo's request for an order compelling Plaintiff to appear for a deposition and Plaintiff is hereby ORDERED to appear and answer questions at a deposition at a date, time, and location (within the Central District of California) to be set by Wells Fargo's counsel, but not later than August 9, 2018. Wells Fargo's counsel shall meet and confer with counsel for Plaintiff to attempt to find a mutually agreeable date for the deposition, but if no such date can be agreed to, counsel for Wells Fargo may set the deposition by providing at least three (3) days' written notice to Plaintiff's counsel of the date, time, and location of the deposition.

3. Based upon Plaintiff's failure to appear at his deposition and failure to timely respond to the Written Discovery Requests, Wells Fargo is entitled to monetary sanctions in connection with the Motion and Plaintiff's failure to appear pursuant to Federal Rule of Civil Procedure Rules 37(a)(5)(A) and (d). The Court finds that Wells Fargo's attorney rates are reasonable, the hours expended were reasonably necessary to prepare the Motion, and the court reporter fees incurred as a result of Plaintiff's failure to appear were reasonable and reasonably necessary. As a result, the Motion is GRANTED with respect to sanctions, and Plaintiff, individually, is hereby ORDERED to deliver sanctions in the amount of $3,864.65 to counsel for Wells Fargo by not later than 5:00 p.m. on August 3, 2018.

1    Counsel for Plaintiff is directed to advise Plaintiff of the requirements set
2  forth herein and serve a copy of this Order upon Plaintiff within three days of
3  the date of this Order.

4    This Order is entered without prejudice to the parties jointly applying to
5  alter the compliance deadlines set forth herein if intervening events warrant such
6  a joint application.

7

8

9    IT IS SO ORDERED.

10

11

12  DATED: July 17, 2018

13

14                                                    _____
15                                                    JOHN D. EARLY
                                                      United States Magistrate Jude
16

17

18

19

20

21

22

23

24

25

26

27

28

4